EL PUEBLO DE PUERTO RICO, apelado, *v.* ANDRÉS RIVERA RIVERA, acusado y apelante.

*Número:* CR-80-5     *Resuelto:* 31 de diciembre de 1980

*Heyda Vigil McClin,* abogada del apelante; *Héctor A. Colón Cruz, Procurador General, Justo Gorbea Varona, Procurador General Interino,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El acusado fue hallado culpable, tras juicio por jurado, de los delitos de violación y tentativa de sodomía y, por tribunal de derecho, de infringir el Art. 4 de la Ley de Armas. Se le impusieron penas consecutivas de quince a cuarenta y cinco años de prisión por el primer delito, de uno a cinco años por el segundo y de seis meses por el tercero.

La representación legal del apelante argumenta que el tribunal de instancia cometió varios errores. Es innecesario discutirlos, pues procede la desestimación del caso por dos

razones. En primer término, el apelante no ha cumplido con la Regla 194 de Procedimiento Criminal, la cual ordena que todo apelante "deberá radicar en o remitir por correo certificado copia del escrito de apelación a la secretaría del Tribunal de Apelación dentro de las cuarenta y ocho (48) horas siguientes a la radicación del escrito en el tribunal sentenciador . . .". La apelación se efectuó el 8 de marzo de 1979. Nunca se remitió copia del escrito a la secretaría de este Tribunal. En *Pueblo* v. *Fragoso Sierra*, 109 D.P.R. 536 (1980), resolvimos que el citado término no es jurisdiccional, pero sí de cumplimiento estricto. Señalamos en *Fragoso Sierra* que "[n]o se permitirá desviación alguna del plazo de 48 horas, so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad. De otro modo se imposibilitaría por entero la labor supervisora de este Tribunal y quedaría en pía exhortación el mandato del segundo párrafo de la Regla 194 de Procedimiento Criminal". No se ha justificado en este caso la dilación habida.

En segundo lugar, aun suponiendo que existiese justa causa para el incumplimiento con la Regla 194, surge de autos que el apelante se fugó de la cárcel después de su convicción y condena y que es hoy un prófugo de la justicia. Consideramos que en tales circunstancias procede la desestimación de la causa. Los fugitivos, al menos mientras continúe su condición de tales, renuncian su derecho a que una corte de apelación considere sus planteamientos sobre la base de una justicia que ellos han decidido burlar.

El Tribunal Supremo de Estados Unidos adoptó este principio desde hace más de cien años. En *Smith* v. *United States*, 94 U.S. 97 (1876), el Tribunal rehusó, en el uso de su poder inherente, resolver el caso de un prófugo. La corte señaló:

Si confirmamos la sentencia, no es probable que el fugitivo comparezca voluntariamente a cumplir la pena. Si la revocamos y ordenamos un nuevo juicio, podría comparecer o no, según estime lo que le convenga más. En tales circunstancias no nos

inclinamos a decidir lo que puede convertirse en un caso académico.

El Tribunal ordenó que se eliminara el caso de sus calendarios, a menos que el prófugo se sometiese a su jurisdicción al comenzar el próximo período de sesiones. Véanse: *Bonahan* v. *Nebraska*, 125 U.S. 692 (1887); *Allen* v. *Georgia*, 166 U.S. 138 (1897).

En *Allen*, el Tribunal Supremo de Georgia había desestimado el recurso, sin posponer su acción por tiempo alguno, y luego el evasor fue capturado. El prisionero alegó que la desestimación violaba la cláusula del debido proceso de ley. El Tribunal Supremo de Estados Unidos confirmó la desestimación. Véanse, además: *Estelle* v. *Dorrough*, 420 U.S. 534 (1975); *Molinaro* v. *New Jersey*, 396 U.S. 365 (1970); *Eisler* v. *United States*, 338 U.S. 189 (1949). La jurisprudencia estatal es al mismo efecto. Note, 18 Geo. Wash. L. Rev. 427, 428 *et seq.* (1950). En Puerto Rico hemos citado con aprobación a *Molinaro*. *Pagán Hernández* v. *Alcaide*, 102 D.P.R. 101 (1974).

*Por las razones expuestas, se desestima el recurso por abandono, con perjuicio.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Irizarry Yunqué concurren en el resultado por el primer fundamento, a saber, el incumplimiento con la Regla 194 de Procedimiento Criminal. Estiman que es innecesario hacer expresión alguna en este momento, por no haberse planteado, sobre el alcance de la desestimación del recurso por la fuga del apelante.