# 95 DTA 111

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL SAN JUAN

EL PUEBLO DE PUERTO RICO
Apelado

v.

JOSE R. ESQUILIN DIAZ
Apelante

Núm. KLAN-95-00210

San Juan, Puerto Rico, a 7 de junio de 1995

Panel integrado por su presidenta, Juez Fiol Matta
la Juez Rodríguez de Oronoz y el Juez Gierbolini

Fiol Matta, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

José R. Esquilín Díaz fue acusado de tentativa de asesinato, asesinato en primer grado y violaciones a los artículos 5, 6 y 8 de la Ley de Armas. El juicio comenzó el 17 de enero de 1995, en ausencia del acusado, desconociéndose su paradero desde antes del juicio y habiéndose comprobado, mediante gestiones ordenadas por el tribunal de instancia, que no estaba recluido en una institución penal ni en un hospital. El 23 de febrero de 1995, el jurado emitió veredicto unánime de culpabilidad por los delitos de asesinato en primer grado, Ley de Armas, absolviéndolo de dos cargos por infracción a los artículos 5 y 8A de la Ley de Armas. Se dictó sentencia el 28 de febrero de 1995, condenándosele a 99 años de reclusión por el delito de asesinato en primer grado; 10 años de reclusión por cada cargo de tentativa de asesinato; 10 años por violación al Artículo 8 de la Ley de Armas; 3 años por cada cargo de violación al Artículo 6 de la Ley de Armas; 25 años por cada cargo bajo los artículos 5 y 8A de la Ley de Armas; 12 años por violación al Artículo 6A de dicha ley y 90 días por desacato. Todas estas sentencias deberán cumplirse de forma consecutiva.

No obstante la ausencia del convicto y a pesar de no habérsele contratado para los trámites

apelativos, su abogada presentó un escrito de apelación en el que alega la comisión de once errores. Sin embargo, responsablemente nos señala que:

*"La jurisprudencia establece que no procede la continuación de una apelación cuando el señor apelante estaba evadido de las autoridades ... No obstante, el término para presentar la apelación es uno de jurisdicción.*

*Ante tal disyuntiva jurisprudencial, la defensa presenta el escrito de apelación... Se le hace la reserva de derecho por si alguna vez queda ingresado en una Institución Penal"* [sic].

El 20 de abril de 1995 ordenamos al Procurador General fijar la posición del Pueblo en cuanto a lo anterior y certificar la evasión de la justicia por parte del convicto apelante. Así lo hizo mediante escrito de 25 de mayo de 1995, junto al cual somete los documentos que acreditan la fuga del convicto desde antes y durante su juicio, así como al día de hoy.

En *Pueblo v. Rivera Rivera,* 110 D.P.R. 544, 545 (1980), el Tribunal Supremo de Puerto Rico desestimó por abandono, con perjuicio, la apelación de un convicto que se fugó de la cárcel después de su convicción. Ante ese hecho, el Tribunal se expresó como sigue:

*"Consideramos que en tales circunstancias procede la desestimación de la causa. Los fugitivos, al menos mientras continúa su condición de tales, renuncian su derecho a que una corte de apelación considere sus planteamientos sobre la base de una justicia que ellos han decidido burlar."*

En casos posteriores se ha reiterado este razonamiento. Véase *Pueblo ex rel. H.L.V.D.J.,* 111 D.P.R. 532, 534 (1981); *Orlando Torres Rosario v. Alcaide,* Op. de 24 de junio de 1993, ___ D.P.R. ___ **93 J.T.S. 100**; *Alberto Toro Ruiz v. Junta de Libertad Bajo Palabra,* Op. de 22 de julio de 1993, ___ D.P.R. ___ **93 J.T.S. 120.**

Esta jurisprudencia hace patente la futilidad de discutir los errores señalados en el escrito de apelación. Al convertirse en prófugo de la justicia, el señor Esquilín Díaz renunció a las salvaguardas y garantías que le ofrece nuestro sistema de justicia criminal. Por ello, se desestima la apelación presentada por su representante legal.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General