EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Héctor M. Santiago Irizarry<br><br>Recurrido | Certiorari<br><br>2017 TSPR 73<br><br>197 DPR _____ |

Número del Caso: CC-2016-33

Fecha: 5 de mayo de 2017

Tribunal de Apelaciones:

      Región Judicial de Ponce

Oficina del Procurador General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Lisa Mónica Durán Ortiz
      Procuradora General Auxiliar

Abogados de la Parte Recurrida:

      Lcdo. Eliezer Rodríguez Cintrón

Materia: Procedimiento penal: Discreción de los foros apelativos para desestimar una apelación presentada por un individuo que evade o se fuga de la jurisdicción del Tribunal, de acuerdo con lo resuelto en Pueblo v. Esquilín Díaz, 146 DPR 808 (1998). Derecho probatorio: Impugnación de evidencia admitida. Análisis del perjuicio indebido que permite excluir evidencia admisible conforme la Regla 403 de Evidencia, 32 LPRA Ap. VI.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

        v.                CC-2016-0033     *Certiorari*

Héctor M. Santiago Irizarry

     Recurrido

Opinión del Tribunal emitida por la Jueza Presidenta Oronoz Rodríguez

En San Juan, Puerto Rico, a 5 de mayo de 2017.

Nos corresponde determinar si, conforme con lo resuelto en Pueblo v. Esquilín Díaz, 146 DPR 808 (1998), procede anular una sentencia dictada por un tribunal apelativo porque el apelante era un fugitivo al presentarse la apelación. A su vez, debemos resolver si presentar en evidencia armas no imputadas en la acusación, entre otra prueba, conlleva revocar la convicción. Luego de analizar cuidadosamente el derecho aplicable, concluimos que la doctrina de Pueblo v. Esquilín Díaz, supra, no presupone que se anule el dictamen recurrido. No obstante, revocamos en los méritos la sentencia del Tribunal de Apelaciones por considerar que la

evidencia impugnada era pertinente y no existía base legal para excluirla.

I

El 26 de abril de 2010, agentes adscritos al distrito policial de Villalba notaron que los tintes del vehículo que conducía el Sr. Héctor M. Santiago Irizarry (recurrido) infringían lo dispuesto en el Artículo 10.05 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 LPRA sec. 5285. Cuando encendieron la sirena el automóvil se detuvo y sus dos ocupantes salieron corriendo. Luego de una persecución los agentes arrestaron a ambos. Mientras el pasajero era arrestado, intentó deshacerse de unas balas que tenía en el bolsillo.

Como consecuencia de la intervención policiaca se ocupó y se registró el vehículo de motor que conducía el recurrido. Se ocuparon tres armas de fuego: una pistola negra calibre .380 que se encontraba en el piso en la parte posterior del asiento del conductor, una pistola calibre 9mm y otra calibre .45, las cuales se encontraban en la parte posterior del asiento del pasajero. A su vez, se ocupó un chaleco a prueba de balas y un radio de comunicaciones (scanner).

El Ministerio Público presentó contra el recurrido tres denuncias por violar el Art. 5.04 de la Ley de Armas y dos denuncias por el Art. 6.01 de la Ley de Armas. 25 LPRA secs. 458c, 459. El Tribunal de Primera Instancia autorizó la presentación de una acusación por portación y uso de

arma de fuego sin licencia, Art. 5.04 de la Ley de Armas, supra, pero solo con respecto a la pistola negra calibre .380.

Consecuentemente se ventiló un juicio ante jurado.[1] Durante éste, el Ministerio Público presentó evidencia relacionada a las otras dos armas de fuego que no eran objeto de la acusación, a saber, la pistola calibre 9mm y la calibre .45. En particular, exhibió varias fotografías de las tres pistolas, sus cargadores, balas, un chaleco a prueba de balas y un radio de comunicaciones. La defensa objetó la admisión de dicha evidencia por entender que no era pertinente y que sería indebidamente perjudicial al recurrido. El Estado contestó que la prueba era pertinente para fines de la intención criminal y que surgía de un mismo núcleo de hechos comunes. Luego de celebrar una vista al amparo de la Regla 109(A) de Evidencia, 32 LPRA Ap. VI, el Tribunal de Primera Instancia admitió las piezas de evidencia objetadas por la defensa. Posteriormente, un jurado encontró culpable al recurrido de portación ilegal de arma de fuego, Art. 5.04 de la Ley de Armas, supra, y el Tribunal lo sentenció a diez años de cárcel.

El recurrido apeló ante el Tribunal de Apelaciones y argumentó, entre otras cosas, que erró el Tribunal de

---

[1] Entre la evidencia presentada por el Ministerio Público se encuentra: (1) el testimonio de los agentes que intervinieron el día de los hechos, quienes describieron los artículos que encontraron dentro del vehículo, incluyendo la pistola negra calibre .380; (2) el testimonio del agente adscrito a la Unidad de Servicios Técnicos de la Policía, que tomó las veintiún fotografías admitidas como evidencia; y (3) el testimonio de un examinador de armas de fuego del Instituto de Ciencias Forenses.

Primera Instancia al admitir evidencia de las armas no imputadas en la acusación, sus balas, cargadores y un chaleco a prueba de balas. En su oposición, el Estado sostuvo que la evidencia impugnada era pertinente y que, aun de no serlo, la inclusión de esa evidencia no fue factor decisivo o sustancial en el resultado.

El Tribunal de Apelaciones revocó la sentencia recurrida. Fundamentó su determinación en que tanto la prueba antes mencionada como una fotografía del recurrido esposado al lado del vehículo, eran impertinentes y se entregó al jurado en forma repetitiva en violación al derecho constitucional a un juicio justo y al debido proceso de ley. Por su parte, la Hon. Mildred Surén Fuentes, Jueza de Apelaciones y miembro del panel, emitió un voto disidente. En su voto expresó que "la admisión de la prueba impugnada no presentó un perjuicio indebido, confusión o desorientación en el jurado".[2] Además, indicó que la exclusión de la evidencia no hubiera alterado el resultado.

Luego de que se denegara una moción de reconsideración presentada ante el Tribunal de Apelaciones, el Estado presentó un recurso de *Certiorari* ante este Tribunal. Tras evaluar los argumentos, expedimos el recurso de *Certiorari*. Oportunamente, las partes presentaron sus respectivos alegatos en los que reiteran sus planteamientos relacionados a la evidencia admitida. Sin embargo, en su

---

[2] Voto disidente de la Honorable Surén Fuentes, pág. 39.

escrito el Estado también sostiene que se debe anular el dictamen del Tribunal de Apelaciones conforme a la doctrina reconocida en Pueblo v. Esquilín Díaz, supra, y Pueblo v. Rivera Rivera, 110 DPR 544 (1980). Esta doctrina dispone que si un acusado o convicto se escapa de la jurisdicción, renuncia su derecho a apelar. Según el Estado, se debe anular el dictamen del Tribunal de Apelaciones porque el recurrido se encontraba prófugo al momento de presentarse la apelación. La representación legal del recurrido admitió que el recurrido se encuentra fuera de la jurisdicción. No obstante, enfatizó que lo que la doctrina establece es la discreción de los tribunales apelativos de no ver los casos si el apelante se encuentra prófugo, pero no que se deba anular el dictamen de un tribunal que ejerció su jurisdicción válidamente.[3] Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II

A.

En vista de que la Procuradora General sostiene que el Tribunal de Apelaciones no tenía jurisdicción para emitir la sentencia recurrida, según lo establecido por este Tribunal en Pueblo v. Esquilín Díaz, supra, y Pueblo v. Rivera Rivera, supra, comenzaremos evaluando ese planteamiento. En Pueblo v. Rivera Rivera, supra, adoptamos la doctrina acogida por la Corte Suprema de Estados Unidos en Smith v. United States, 94 US 97 (1876). La misma

---

[3] Cabe destacar que el Tribunal de Apelaciones no conocía que el recurrido estaba prófugo.

establece que los tribunales apelativos pueden desestimar las apelaciones instadas por quienes se fugan, pues éstos renuncian su derecho a apelar al evadir la jurisdicción del tribunal.

Posteriormente, en Pueblo v. Esquilín Díaz, supra, reiteramos la doctrina y aclaramos las justificaciones detrás de ésta. En Esquilín Díaz, supra, el Tribunal de Primera Instancia declaró prófugo al acusado y celebró un juicio en ausencia. Luego de que un jurado emitiera un veredicto de culpabilidad la representación legal del Sr. José R. Esquilín Díaz presentó un recurso donde reservó su derecho a apelar, en caso de que éste regresara. El Tribunal de Circuito de Apelaciones desestimó la apelación y resolvió que el apelante renunció su derecho a apelar conforme a la norma de Pueblo v. Rivera Rivera, supra. Posteriormente, el señor Esquilín Díaz fue capturado y solicitó la reinstalación de su apelación. El foro intermedio denegó nuevamente su apelación y este Tribunal confirmó.

Resolvimos que, dada su naturaleza estatutaria, el derecho a apelar una convicción criminal se renuncia si el convicto se fuga, por lo que procede desestimar su apelación. Pueblo v. Esquilín Díaz, supra, pág. 816. Basamos nuestra decisión en varios casos federales que fueron desarrollando esta doctrina, mejor conocida como fugitive disentitlement doctrine, que aunque no son vinculantes sí son altamente persuasivos. Véase íd., págs.

816-17; véanse también <u>Ortega-Rodríguez v. United States</u>, 507 US 234 (1993); <u>Estelle v. Dorrough</u>, 420 US 534 (1975); <u>Molinaro v. New Jersey</u>, 396 US 365 (1970).[4] Entre las justificaciones de esta doctrina destacamos en ese entonces "la imposibilidad de ejecutar el mandato del tribunal apelativo, la determinación de que la fuga equivale a una renuncia del derecho a apelar, el deseo de desalentar las fugas y la necesidad de mantener un funcionamiento eficiente de los tribunales apelativos". <u>Pueblo v. Esquilín Díaz</u>, <u>supra</u>, pág. 823.

B.

En lo pertinente, debemos resolver si la doctrina pautada en <u>Pueblo v. Esquilín Díaz</u>, <u>supra</u>, es de carácter jurisdiccional o discrecional. Esto, pues, si la doctrina es jurisdiccional corresponde anular el dictamen del Tribunal de Apelaciones, ya que el mismo se dictó sin jurisdicción. Por otro lado, si es de carácter discrecional, corresponde examinar en sus méritos lo resuelto por el foro apelativo intermedio.

En <u>Pueblo v. Esquilín Díaz</u>, <u>supra</u>, no ofrecimos una respuesta definitiva a esta pregunta. No obstante, el Juez Asociado Negrón García, en su opinión disidente, destacó

---

[4] La doctrina no tiene base en ningún derecho constitucional ni en la doctrina de justiciabilidad. Por tanto, se ha considerado una doctrina en equidad desarrollada conforme a la autoridad inherente de los tribunales de proteger los procedimientos judiciales y sus pronunciamientos. <i>Véanse</i> Henry Tashman, Jennifer Brockett & Rochelle Wilcox, <i>Flight or Fight</i>, 29-OCT L.A. Law. 44 (2006); <u>Degen v. United States</u>, 517 US 820, 823 (1996)("Courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities".).

que la doctrina "[p]ermite a los tribunales apelativos, discrecionalmente, desestimar la apelación si el convicto no está sujeto a responder". Íd., pág. 831 (Negrón García, J., Op. Disidente). Entre los varios casos que sostienen esta postura se encuentra Ortega-Rodríguez v. United States, supra, pág. 250 esc. 23, donde la Corte Suprema expresó que **"dismissal of fugitive appeals is always discretionary**, in the sense that fugitivity does not 'strip the case of its character as an adjudicable case or controversy'" (citando a Molinaro v. New Jersey, supra, pág. 366) (énfasis suplido). Por su parte, las Cortes de Apelaciones de Estados Unidos han reiterado el carácter discrecional de la doctrina.[5]

A la luz de lo anterior, vemos que la desestimación de la apelación presentada por un individuo que evade la autoridad del tribunal está en la **sana discreción** de dicho foro apelativo, cónsono con el poder inherente de los

---

[5] U.S. v. Puzzanghera, 820 F.2d 25, 26 (1st Cir. 1987) ("there [can] be no question that this court, in its discretion, could and normally would dismiss the appeal"); U.S. v. Zedner, 555 F.3d 68, 79 (2nd Cir. 2008) ("we have discretion to dismiss the appeal either with prejudice or without prejudice to reinstatement if the defendant returns to custody within a certain time"); U.S. v. Wright, 902 F.2d 241, 242 (3rd Cir. 1990) ("It is without question that we have the discretion to dismiss the appeal"); U.S. v. Snow, 748 F.2d 928, 930 (4th Cir. 1984) ("Subsequent to *Molinaro* courts have exercised their discretion and have dismissed fugitives' appeals"); Bagwell v. Dretke, 376 F.3d 408, 413 (5th Cir. 2004) ("The fugitive disentitlement doctrine is an equitable doctrine that a court exercises in its discretion"); U.S. v. Lanier, 123 F.3d 945, 946 (6th Cir. 1997) (citando a Molinaro, supra); In re Hijazi, 589 F.3d 401, 412 (7th Cir. 2009) (citando a Molinaro, supra); Brinlee v. U.S., 483 F.2d 925, 926 (8th Cir. 1973) (citando a Molinaro, supra); Parretti v. U.S., 143 F.3d 508, 510-11 (9th Cir. 1998) ("Our court has exercised its discretion and dismissed the appeal of a criminal defendant who became a fugitive from justice while his appeal was pending"); U.S. v. Hanzlicek, 187 F.3d 1219, 1220 (10th Cir. 1999) ("The application of the fugitive disentitlement doctrine is discretionary"); Lynn v. U.S., 365 F.3d 1225, 1241 esc. 29 (11th Cir. 2004) ("We note that courts possess great latitude in their application of the fugitive disentitlement doctrine").

tribunales de salvaguardar los procedimientos judiciales. De modo que, al ser una doctrina de carácter discrecional y no jurisdiccional, los tribunales conservan la jurisdicción para emitir su dictamen, pero pueden **decidir desestimar** la apelación si conocen que el apelante está prófugo. Pueblo v. Esquilín Díaz, supra. Como la fuga no priva de jurisdicción al tribunal, si éste desconocía la condición del apelante y ejerce válidamente su jurisdicción, su dictamen no debe ser anulado por el mero hecho de que tenía la discreción de desestimar la apelación. Así, resolvemos que en este caso el Tribunal de Apelaciones tenía jurisdicción cuando revocó la sentencia del Tribunal de Primera Instancia, por lo que no corresponde anular su dictamen.

## III

Nos corresponde ahora atender el planteamiento del Estado de que erró el Tribunal de Apelaciones al revocar el veredicto de culpabilidad. Sostiene que la evidencia de las armas no imputadas era pertinente y que, aun de no serlo, su exclusión en el juicio no hubiera producido un resultado distinto.

## A.

Nuestras Reglas de Evidencia definen la evidencia pertinente como aquella que tiende a aumentar o disminuir la probabilidad de la existencia de un hecho que tiene consecuencias para la adjudicación de la acción. Regla 401 de Evidencia, 32 LPRA Ap. VI; véase también Izagas Santos

v. Family Drug Center, 182 DPR 463, 482 (2011). En esencia, se trata de evidencia que "tiene algún valor probatorio, por mínimo que sea, para adjudicar la acción". E.L. Chiesa Aponte, *Reglas de Evidencia de Puerto Rico de 2009*, San Juan, Pubs. J.T.S., 2009, pág. 114. Es importante destacar que es a partir del derecho sustantivo aplicable al caso que se evalúa la pertinencia de la evidencia. Izagas Santos v. Family Drug Center, supra; Chiesa Aponte, op. cit.

Como norma general, la evidencia pertinente es admisible. Ahora bien, alguna evidencia pertinente se puede excluir cuando aplique alguna de las reglas de exclusión reconocidas en nuestro ordenamiento o por virtud de la Regla 403 de Evidencia. Izagas Santos v. Family Drug Center, supra. Esta Regla dispone que los tribunales tienen discreción para excluir prueba pertinente, a pesar de la ausencia de una regla de exclusión, si su valor probatorio queda sustancialmente superado por un: (a) riesgo de causar perjuicio indebido; (b) riesgo de causar confusión; (c) riesgo de causar desorientación del Jurado; (d) dilación indebida de los procedimientos, e (e) innecesaria presentación de prueba acumulativa. Regla 403 de Evidencia, 32 LPRA Ap. VI. Sobre el primer elemento, perjuicio indebido, hemos aclarado que "toda prueba es 'perjudicial' en la medida que favorece a una parte y perjudica a otra, pero éste no es el tipo de perjuicio al que se refiere la regla". Pueblo v. Ortiz Pérez, 123 DPR 216, 228 (1989). Se trata más bien de prueba que puede conducir a un resultado

erróneo porque se presentó con el propósito primordial de crear pasión y prejuicio en el jurado. Véanse Íd.; Pueblo v. González Colón, 110 DPR 812, 820 (1981). De modo que "se trata de una regla que debe ser usada con mesura y cautela por los tribunales, pues el principio fundamental es que toda evidencia pertinente es admisible, salvo que sea aplicable una regla de exclusión". Chiesa Aponte, op. cit, pág. 116.

Por otro lado, si una parte considera que el tribunal admitió evidencia erróneamente deberá "presentar una objeción oportuna, específica y correcta". Regla 104 de Evidencia, 32 LPRA Ap. VI. Así, permite que se pueda apelar en su momento la determinación del foro de instancia. Regla 105 (A) de Evidencia, 32 LPRA Ap. VI.[6] Sin embargo, la doctrina de error no perjudicial (*harmless error*) establece que los tribunales apelativos no revocarán una sentencia por admisión errónea de evidencia, a menos que el error haya sido "un factor decisivo o sustancial en la sentencia emitida". Íd.; véase también Pueblo v. Santos Santos, 185 DPR 709, 728 (2012). Por tanto, si el error se considera benigno o no perjudicial -porque la exclusión de la evidencia no hubiese producido un resultado distinto- se confirma el dictamen a pesar del error. Izagas Santos v. Family Drug Center, supra, págs. 483-84; véase también Chiesa Aponte, op. cit, pág. 88.

---

[6] No obstante, si se trata de un error extraordinario el tribunal apelativo puede considerar el señalamiento de error aunque no se haya cumplido con la Regla 104. Regla 106 de Evidencia, 32 LPRA Ap. VI.

En cambio, cuando se viola un derecho constitucional de un acusado aplica el estándar de error constitucional no perjudicial (*harmless constitutional error*), de modo que solo se confirma el dictamen si el tribunal apelativo "está convencido más allá de duda razonable que, de no haberse cometido el error, el resultado hubiera sido el mismo". Regla 105 (B) de Evidencia, 32 LPRA Ap. VI; véase también Chapman v. California, 386 US 18 (1967). Son ejemplos de errores constitucionales prueba admitida en violación al derecho contra la autoincriminación, al debido proceso de ley, a la cláusula de confrontación, a la protección constitucional contra registros o detenciones irrazonables, entre otros. Chiesa Aponte, op. cit, pág. 89. Finalmente, el error estructural se refiere a un error constitucional de tal magnitud que lesiona fatalmente el sistema adversativo o el juicio imparcial. Íd.; Pueblo v. Santos Santos, supra, pág. 728. Por tal razón, conlleva la revocación automática de la sentencia recurrida.

B.

Cónsono con lo anterior, resulta necesario examinar el derecho sustantivo aplicable para así poder evaluar la pertinencia de la prueba presentada. Contra el recurrido se presentó una acusación por portación y uso de arma de fuego sin licencia, Art. 5.04 de la Ley de Armas, supra. Dicho artículo dispone que "[t]oda persona que transporte cualquier arma de fuego o parte de ésta, sin tener una licencia de armas, o porte cualquier arma de fuego sin

tener su correspondiente permiso para portar armas, incurrirá en delito grave". Íd. Se consideran atenuantes que el arma esté descargada y que no tenga municiones a su alcance. Íd. Por otro lado, al momento de presentarse la acusación, y durante el juicio, también era un atenuante que no existiera prueba de que el acusado tuviera la intención de cometer un delito. Ley de Armas de Puerto Rico, Ley Núm. 404 de 2000.[7]

IV

El Tribunal de Apelaciones revocó la sentencia del Tribunal de Primera Instancia que encontró culpable al recurrido de violar el Art. 5.04 de la Ley de Armas, supra. Determinó que la evidencia de las armas no imputadas, las balas, los cargadores, el chaleco a prueba de balas y el radio de comunicaciones era impertinente y fue presentada de manera repetitiva en violación al derecho constitucional a un debido proceso de ley y a un juicio justo. Erró el Tribunal de Apelaciones al actuar así.

En primer lugar, vemos que la evidencia impugnada era pertinente para el delito de portación ilegal de arma de fuego según estaba tipificado en el Art. 5.04 de la Ley de Armas, supra. Esto, porque tenía "algún valor probatorio, por mínimo que sea" tanto para la adjudicación de los hechos como para la imposición de la pena. Chiesa Aponte, op. cit, pág. 114; Regla 401 de Evidencia, 32 LPRA Ap. VI. El foro primario concluyó válidamente que la evidencia de

---

[7] Este atenuante se eliminó mediante la Ley Núm. 142 de 2 de diciembre de 2013.

las armas no imputadas, sus balas, cargadores, el chaleco a prueba de balas y el radio de comunicaciones, era pertinente porque surgía del mismo núcleo de hechos que la infracción al Art. 5.04, supra, por poseer la pistola negra calibre .380. Además, era pertinente para probar la intención de cometer un delito, lo cual evitaba la presencia de atenuantes que redujeran la pena fija establecida por ley. Ley de Armas de Puerto Rico, Ley Núm. 404 de 2000.[8]

Por otra parte, el recurrido aduce que, dado que el Tribunal de Primera Instancia solo autorizó la acusación por portar la pistola negra calibre .380, no se podía presentar evidencia de las otras dos armas. Sin embargo, en Pueblo de Puerto Rico v. Nazario Hernández, 138 DPR 760, 781-82 (1995), rechazamos el argumento del apelante de que no se podía presentar prueba de su estado de embriaguez porque en la vista preliminar el Juez excluyó esa prueba y solo autorizó la acusación de imprudencia crasa al conducir un vehículo de motor a base de que iba a exceso de velocidad. Resolvimos que "[l]a decisión del juez de

---

[8] Por otro lado, el Tribunal de Apelaciones resolvió que la fotografía del vehículo de motor intervenido en la cual se refleja al recurrido arrestado y esposado no se debió admitir por ser impertinente y contraria al debido proceso de ley y al derecho constitucional a un juicio justo. Esto, a pesar de que la misma no fue objetada en el juicio ni impugnada ante el Tribunal de Apelaciones. No obstante lo anterior, de igual manera destacamos que la misma era pertinente, pues corrobora el testimonio de los agentes a los efectos de que arrestaron al recurrido en el lugar de los hechos. Pueblo v. Rivera Nazario, 141 DPR 865, 894 (1996) ("las fotografías son un tipo de evidencia demostrativa de inmenso valor probatorio cuando éstas se presentan para fines de . . . corroborar la veracidad de lo declarado".). Aun si consideráramos que fuera impertinente, o que aplicara alguna regla de exclusión, concluimos que su presentación no fue factor decisivo o sustancial en el resultado.

instancia de encontrar causa probable por ese delito, prescindiendo del elemento de embriaguez, no refleja una prohibición a que se presentara . . . prueba sobre esa conclusión ni que ésta fuera inmaterial". Íd. págs. 780-81. De modo que la exclusión en vista preliminar de determinada evidencia, o la ausencia de autorización de otras acusaciones, no impiden al Estado presentar evidencia "pertinente[] para demostrar la existencia de factores que, en conjunción, configuran el delito en cuestión". Íd., pág. 782.

Establecida la pertinencia de la prueba impugnada y ante la ausencia de alguna regla de exclusión aplicable, debemos examinar si las fotografías impugnadas tuvieron el efecto de causar un perjuicio indebido conforme con la Regla 403 de Evidencia. Ciertamente, aquí la prueba resultó perjudicial, pues en todo proceso adversativo la prueba se ofrece precisamente para perjudicar a la otra parte. Íd., pág. 779; Chiesa Aponte, op. cit, pág. 117. No obstante, no causó un perjuicio indebido porque el posible efecto que tuvo en el jurado no superó sustancialmente el valor probatorio de la evidencia: presentar la cadena de hechos donde se portó ilegalmente una pistola negra calibre .380, y establecer la intención de cometer un delito para así evitar la presencia de atenuantes. Véase Nazario Hernández, supra, pág. 779. Pensar que la mera presentación de este tipo de fotografías causa un perjuicio indebido porque anima la pasión y prejuicio en el jurado sería "atribuirle

al jurado una sensibilidad extrema". <u>Pueblo v. López Rodríguez</u>, 118 DPR 515, 543 (1987). A fin de cuentas, "a este cuerpo le corresponde conocer todo lo relacionado con la causa que juzga, de forma tal que pueda estar en mejor condición de rendir un veredicto informado y justo". <u>Íd.</u>

Expuesto lo anterior, erró el Tribunal de Apelaciones al sostener que se trataba de evidencia impertinente. Peor aún, el foro apelativo concluyó que la presentación de esta evidencia violó el debido proceso de ley y el derecho a un juicio justo del recurrido. El foro intermedio realizó un análisis errado al sugerir que cualquier alegada violación a una norma evidenciaria contraviene esos derechos constitucionales. Al resolver esto, le atribuyó a ambos derechos constitucionales un valor omnipotente, cuya mera mención coloca en jaque todo nuestro ordenamiento jurídico evidenciario. Así, revocó la sentencia del Tribunal de Primera Instancia sin someter la evidencia al estándar de error no perjudicial (*harmless error*) o al estándar de error constitucional no perjudicial (*harmless constitutional error*). En ese sentido, es preocupante que el Tribunal no haya analizado la inclusión de la evidencia bajo **ningún** estándar, como si se tratara del excepcional error estructural que conlleva una revocación automática.

Por otro lado, como no se lesionó ningún derecho constitucional del recurrido, no aplica el estándar de error constitucional no perjudicial. Bajo el entendido de que se admitió evidencia impertinente, el tribunal

apelativo debió analizar el caso bajo el estándar de error no perjudicial y resolver si la exclusión de la evidencia hubiese producido un resultado distinto. Regla 105 (A) de Evidencia, 32 LPRA Ap. VI; Izagas Santos v. Family Drug Center, supra, pág. 483-84. No obstante lo anterior, como entendemos que la evidencia en cuestión era pertinente y que no aplicaba ninguna regla de exclusión ni la Regla 403 de Evidencia, no cabe hablar de error no perjudicial porque no se cometió error alguno.

V

Por los fundamentos antes expresados, se revoca la sentencia del Tribunal de Apelaciones y se reinstala la sentencia del Tribunal de Primera Instancia.

Se dictará sentencia de conformidad.

Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

       Peticionario

           v.

Héctor M. Santiago Irizarry

       Recurrido

CC-2016-0033

*Certiorari*

SENTENCIA

En San Juan, Puerto Rico, a 5 de mayo de 2017.

Por los fundamentos antes expuestos, en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la sentencia del Tribunal de Apelaciones y se reinstala la sentencia del Tribunal de Primera Instancia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez hace constar la siguiente expresión:

"El Juez Asociado señor Estrella Martínez concurre con el resultado de la Parte II de la Opinión Mayoritaria, fundamentándose en lo expuesto por el Juez Asociado señor Negrón García en la Opinión Disidente que emitió en el caso Pueblo v. Esquilín Díaz, 146 DPR 808 (1998). Por otro lado, disiente con las Partes III, IV y V, por encontrar que la evidencia admitida por el Tribunal de Primera Instancia, y objetada por el representante legal del Sr. Héctor M. Santiago Irizarry (señor Santiago Irizarry), era impertinente e inflamatoria y, en consecuencia,

inadmisible. Asimismo, considera que esta evidencia creó una influencia notable y desmedida en la mente del jurado, constituyendo un factor sustancial en la convicción emitida en contra del señor Santiago Irizarry. De esta forma, hubiese confirmado la Sentencia emitida por el Tribunal de Apelaciones, por los fundamentos contenidos en la misma, en la cual acertadamente se determinó que admitir tal evidencia impertinente e inflamatoria violó el derecho del convicto a un juicio justo y conforme al debido proceso de ley."

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo