Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X (ESPECIAL)

| JOSEPH B. ENGLEBY, su esposa KIM ENGLEBY y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLOS; y su hijo LOGAN ENGLEBY<br><br>Apelados<br><br>v.<br><br>ALBERTO GONZÁLEZ BEIRO, su esposa LAURA E. DALMASY FROUIN y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLOS; JOHN Y ROSE DOE; y LAS COMPAÑÍAS DE SEGURO DE LA "A" a LA "Z"<br><br>Apelantes | KLAN202301039 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SALINAS (GUAYAMA)<br><br>Caso Núm.:<br>GM2021CV00218<br><br>Sobre:<br>Accidente de Tránsito Daños y Perjuicios |

Panel integrado por su presidente el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2024.

El 21 de noviembre de 2023, el Sr. Albert González Beiró, la Sra. Laura E. Dalmasy Frouin y la Sociedad Legal de Gananciales Compuesta por ellos (en adelante, los apelantes) comparecieron ante este Tribunal de Apelaciones mediante *Apelación* en la que nos solicitan la revocación de la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, TPI o foro primario) el 31 de marzo de 2023.

Evaluado el expediente, y por aquellas razones que más adelante consignaremos, **confirmamos** el dictamen apelado. Veamos.

Número Identificador

SEN2024 _____

-I-

El 8 de abril de 2021, el Sr. Joseph B. Engleby, su esposa Kim Engleby, la Sociedad de Bienes Gananciales que ambos componen y su hijo Logan Engleby (en adelante, los apelados) instaron demanda contra los apelantes por los alegados daños y perjuicios sufridos a consecuencia del impacto recibido por una embarcación de estos y causado por la negligencia de los demandados al navegar otra. Al contestar la demanda, la parte apelante negó que el accidente entre las embarcaciones fuera producto de su negligencia. Asimismo, instó *Reconvención* en la que reclamó negligencia por parte de los apelados y peticionó a su favor resarcimiento por los daños que allí, alegaron sufrieron. Los apelados al responder la reconvención, negaron las alegaciones de negligencia.

Así las cosas, el juicio fue señalado para el 13 y 14 de febrero de 2023. Consta de la *Sentencia* que este no pudo comenzar el día 13 por la falta de un traductor certificado para poder interrogar al demandante, cuyo idioma principal es el Inglés. Este, continuó el día 14 de febrero de 2023. Recibida la prueba, el TPI emitió y notificó el dictamen apelado. En el mismo, concluyó que los apelados no pudieron demostrar la concesión de un remedio a su favor y, por tal razón, desestimó con perjuicio su causa de acción. En cuanto a la *Reconvención* sometida por los apelantes, el foro primario resolvió que la prueba recibida demostró que los apelados fueron los que actuaron negligentemente. Ahora, tras así determinar el TPI indicó que, "no se le conceden daños a la parte demandada toda vez que no presentó evidencia del costo de la reparación de su embarcación Hatteras, ni tampoco declaró de las angustias mentales sufridas.".

Inconformes con la desestimación decretada, los apelados solicitaron reconsideración de la decisión alcanzada. Los apelantes se opusieron a este escrito. Luego, los demandantes, aquí apelados, instaron el recurso apelativo KLAN202300354. No obstante, por haberse sometido previo a que

su reconsideración fuera resuelta, este fue desestimado por falta de jurisdicción. Finalmente, mediante *Resolución* del 20 de octubre de 2023, el TPI resolvió la reconsideración declarándola No Ha Lugar. Es entonces que los apelantes comparecen mediante el recurso de epígrafe y como único señalamiento de error, le atribuyen al TPI el haberse equivocado al no permitir el testimonio de su testigo Eliezer Tarafa Feliciano en cuanto a sus certificaciones como investigador de accidentes de botes, "privando así a la parte demandada a que presentara evidencia de los daños materiales.".

Atendido el recurso, el 1 de diciembre de 2023 emitimos *Resolución* mediante la que le concedimos a los apelados 30 días para someter su posición. En cumplimiento con ella, estos comparecieron el 27 de diciembre de 2023. En virtud de ello damos por sometido el asunto y resolvemos.

-II-

En nuestro ordenamiento jurídico, como norma general, la evidencia pertinente es admisible. Sin embargo, cuando aplique alguna de las reglas de exclusión reconocidas o aquellas dispuestas en la Regla 403 de Evidencia, pudiera excluirse evidencia pertinente. Izaga Santos v. Family Drug Center, 182 DPR 463 (2011). La mencionada regla establece que evidencia pertinente podrá ser excluida cuando su valor probatorio queda sustancialmente superado por el riesgo de causar perjuicio indebido, de causar confusión o de causar desorientación del Jurado; la dilación indebida de los procedimientos o una innecesaria presentación de prueba acumulativa.[1]

Si una parte entiende que el tribunal admitió erróneamente evidencia debe, conforme a la Regla 104 de Evidencia, presentar una objeción oportuna, específica y correcta. En caso de que se trate de una exclusión errónea de prueba, la parte perjudicada deberá invocar el fundamento específico para la admisibilidad de la evidencia ofrecida y

---

[1] Regla 403 de Evidencia, 32 LPRA Ap. VI R. 403.

hacer una oferta de prueba de forma que surja claramente cuál es la evidencia que ha sido excluida y la naturaleza, propósito y pertinencia para la cual se ofrece. Regla 104 de Evidencia, 32 LPRA Ap. VI R. 104.

Pese a lo antes dicho, los tribunales apelativos no revocarán una sentencia por admisión errónea de evidencia, a menos que el error haya sido "un factor decisivo o sustancial en la sentencia emitida". Regla 105 de Evidencia, 32 LPRA Ap. VI R. 105. Así, si el error se considera benigno o no perjudicial- porque la exclusión de la evidencia no hubiese producido un resultado distinto- se confirma el dictamen a pesar del error. Pueblo v. Santiago Irizarry, 198 DPR 35 (2017) al citar a Izaga Santos v. Family Drug Center, *supra*.

III

Tal cual mencionamos, en su único señalamiento de error, los apelantes reclaman que el TPI se equivocó al no permitirle a su testigo el declarar sobre su educación en cuanto a investigación de accidentes de botes, de forma tal que pudiéndose constatar su experiencia, pudiera este declarar y poder así estos probar su caso. Así, y a los fines de impugnar la determinación apelada, argumentan que, ante la exclusión, su abogada procedió a efectuar el ofrecimiento de prueba correspondiente del cual surge la procedencia del testimonio presentado, más no permitido.

Hemos evaluado concienzudamente el legajo apelativo y los documentos que contiene; particularmente, la exposición narrativa que los apelantes someten como parte del apéndice de su recurso que recoge el momento en que su testigo se sienta a declarar, las objeciones levantadas por la representación de los apelados, así como el ofrecimiento de prueba que se realizó luego de la exclusión del testimonio. Así hecho, como adelantamos, resolvemos confirmar la determinación de exclusión de prueba cuestionada en el primer señalamiento de error.

Según dijimos, como regla general no se dejará sin efecto una determinación de exclusión errónea de evidencia ni se revocará por ello sentencia o decisión alguna a menos que: la parte perjudicada con la admisión o exclusión errónea hubiera satisfecho con los requisitos de objeción , fundamento y oferta de prueba y que el Tribunal que considere el señalamiento sobre error en la exclusión estime que la evidencia excluida fue un factor decisivo o sustancial en la decisión cuya revocación se solicita.

La exposición narrativa sometida por los apelantes refleja que una vez su testigo, Eliezer Tarafa Feliciano, comenzó a declarar sobre las distintas certificaciones que ha obtenido, los abogados de los apelados objetaron la línea de preguntas debido a que las certificaciones sobre las que este declararía no fueron anunciadas en el Informe de Conferencia Preliminar entre Abogados, ni producidas como parte de la prueba documental a ser utilizada. Posteriormente, y ante la objeción concedida, se le permitió a este que testificara sobre su educación. Así, y en cuanto a este asunto, según la exposición narrativa que los apelantes sometieron, este declaró como a continuación se transcribe:

| Lcda. Mayra Vicil Bernier | ¿Qué educación usted ha tomado para ser miembro del Cuerpo de Vigilantes? |
|---|---|
| Eliezer Tarafa Feliciano | Estudié dos (2) años en la Universidad de Puerto Rico en Ponce, Delineación Arquitectónica, después que salí de allí… fui a la Academia de la Policía por un (1) año y en la Academia de Recursos Naturales por tres (3) meses. |
| Lcda. Mayra Vicil Bernier | Ok. Y dentro de la Academia de Recursos Naturales, ¿Qué educación usted recibió dentro del Departamento? |

| | |
|---|---|
| Eliezer Tarafa Feliciano | Como trabajar con animales, [], remoción de corteza terrestre, corte de árboles, ley de grava, ley de piedra… |
| Lcda. Mayra Vicil Bernier | ¿Usted sabe porqué usted está aquí? |
| Eliezer Tarafa Feliciano | Sí. |
| Lcdo. Luis Burgos | Juez, ya hizo las preguntas sobre su capacidad educativa, pasó a otro tópico. |
| Lcda. Mayra Vicil Bernier | Con el permiso del licenciado… |
| Lcdo. Luis Burgos | No, no, no. |
| Juez | Ya pasó a la próxima pregunta. Ok. Sabe porque está aquí es lo último que sigue. Adelante. |
| Lcda. Mayra Vicil Berner | Yo simplemente pregunté, ¿por qué está aquí? |

Una evaluación de lo antes transcrito, así como de los argumentos levantados por las partes durante el juicio con relación al mismo, nos lleva a concluir que el error de exclusión señalado no fue cometido. La propia exposición narrativa arroja que las objeciones levantadas a la continuación del testimonio del testigo y la concesión por el tribunal de estas respondió a que al momento en que el testigo declaró sobre la experiencia que ha tenido en términos de educación obtenida en la Academia de Recursos Naturales no mencionó haber recibido educación alguna sobre investigación accidentes de embarcaciones, por lo que no demostró estar

capacitado para declarar o emitir opinión alguna sobre el incidente en controversia.

La oferta de prueba realizada por la abogada de los apelantes no explica cómo la evidencia excluida fue un factor decisivo o sustancial en la sentencia emitida. Nótese que en el dictamen apelado el foro primario resolvió que fue la parte apelada quien negligentemente causó el accidente entre las embarcaciones de las partes. O sea, que resolvió en cierta parte en favor de los apelantes, por entender que estos no fueron quienes causaron el incidente. Sin embargo, pese a dicha conclusión no le concedió una compensación en daños "toda vez **que no presentó evidencia del costo de la reparación de su embarcación Hatteras, ni tampoco declaró de las angustias mentales sufrida**s." No vemos- y los apelantes mediante sus argumentos no nos colocan en posición de apreciar- cómo el testimonio del Sr. Tarafa Feliciano, hubiera demostrado los daños sufridos por ellos que señaló el foro primario no probaron. Por consiguiente, y como ya hemos adelantamos, concluimos que este no se cometió.

IV

Por los fundamentos antes expuestos, confirmamos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Guayama el 31 de marzo de 2023 en la causa de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones