ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| SUSSET M. RODRÍGUEZ HERNÁNDEZ<br><br>Parte Recurrida<br><br><br>EX PARTE<br><br><br>JORGE J. LÓPEZ RODRÍGUEZ<br><br>Presunto Incapaz<br><br>JORGE A. LÓPEZ ALBARRÁN;<br>GBS GROUP, INC.<br><br>Parte Peticionaria / Interventores | KLCE202301383 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2020RF01223<br><br>Sala 705<br><br><br><br><br>Sobre:<br>Declaración de Incapacidad y Designación de Tutor |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Compareció ante este Tribunal la parte peticionaria, GBS Group, Inc.[1] (en adelante, "GBS" o la "Peticionaria") mediante recurso de *Certiorari* y "**Moción en Auxilio de Jurisdicción y de Paralización**", ambos presentados el 7 de diciembre de 2023. Nos solicitó la revocación de la *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, el "TPI"), el 15 de octubre de 2023, notificada y archivada en autos el 19 del mismo mes y año. Mediante el referido dictamen, y en lo pertinente a la controversia ante nos, el TPI declaró No Ha Lugar la "**Moción en Oposición a Descubrimiento de Prueba y Desacato y Réplica a Moción de Reconsideración de Intervención**" presentada por GBS. Por tanto, ordenó a la Peticionaria a cumplir con la *Orden* del 7 de junio de 2023, en la cual se le requirió producir

---

[1] Corporación con fines de lucro debidamente registrada y autorizada para hacer negocios en Puerto Rico, dedicada a la distribución y venta de productos con exclusividad en Puerto Rico para comercios dedicados a la venta de alimentos, café y bebidas alcohólicas.

Número Identificador
SEN2023_____

la documentación solicitada en la "**Moción para Orden en contra de GBS Group Inc.**" presentada por la Sra. Susset Rodríguez Hernández (en adelante, la "señora Rodríguez Hernández" o la "Recurrida"), dentro de un término improrrogable de treinta (30) días.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *revocamos* la *Resolución y Orden*.

**I.**

El presente recurso tiene su génesis con la presentación de una "**Petición**" *ex parte* interpuesta por la señora Rodríguez Hernández, mediante la cual solicitó al TPI que declarara incapaz a su hijo mayor de edad, Jorge Jonel López Rodríguez (en adelante, "López Rodríguez") y se le nombrara como tutora o, en la alternativa, que se le restituyera la patria potestad y custodia exclusiva de éste. Tras varios trámites procesales impertinentes a la controversia que nos ocupa, el 2 de agosto de 2022 el foro de instancia dictó una *Sentencia*, en la cual concedió y restauró la custodia y patria potestad exclusiva de López Rodríguez a la señora Rodríguez Hernández. A raíz de ello, el 23 de septiembre de 2022 la Recurrida presentó "**Moción de Pensión Alimentaria**", en la cual le solicitó al TPI que ordenare al padre de López Rodríguez, el Sr. Jorge A. López Albarrán (en adelante, el "señor López Albarrán") al pago de una pensión alimentaria. A tenor con lo anterior, el 31 de octubre de 2022, el foro recurrido ordenó el pago de $500.00 como pensión alimentaria provisional.

Comenzado el descubrimiento de prueba sobre la pensión alimentaria solicitada, el 7 de junio de 2023 la señora Rodríguez Hernández radicó "**Moción para Orden en Contra de GBS Group, Inc.**". En ésta, arguyó que tenía una creencia de que el señor López Albarrán, quien es el único accionista, presidente, tesorero, agente residente y director de GBS, recibe ciertas ganancias, beneficios y frutos directos e indirectos de GBS que no está reportando en su *Planilla de Información Personal y Económica* (PIPE) o en sus Planillas de Contribución sobre Ingresos. Por tanto, solicitó al foro de instancia que emitiera una orden contra GBS para que ésta produjera la siguiente información y documentación financiera y contributiva:

(1) Copia de las planillas de contribución sobre ingresos.
(2) Identificar todas las tarjetas de crédito a nombre de GBS y producir todos los estados mensuales de todas las tarjetas de crédito a nombre de GBS.
(3) Contratos de arrendamiento
(4) Estados de cuentas bancarias de la corporación.[2]

En la misma fecha, el TPI emitió una *Orden* en la que declaró "Con Lugar" la moción e instruyó a GBS a producir la siguiente documentación y/o información:

(1) Copia de las planillas de contribución estatal y federal de GBS Group, Inc., para los años 2020, 2021 y 2022.
(2) Todas las tarjetas de crédito a nombre de GBS Group, Inc. y todos los estados mensuales de todas las tarjetas de crédito a nombre de GBS Group., Inc., para los años 2021, 2022 y 2023.
(3) Copia completa del contrato de arrendamiento del inmueble localizado en el 1462 Avenida Paz Granela, Urb. Santiago Iglesias, San Juan, Puerto Rico 00921, y los recibos de pago de renta desde mayo de 2022 hasta junio de 2023.
(4) Todas las cuentas en bancos y cooperativas de ahorro y crédito a nombre de GBS Group., Inc. y todos los estados mensuales de todas las cuentas en bancos y cooperativas de ahorro y crédito a nombre de GBS Group, Inc., para los años 2021, 2022 y 2023.
(5) Todos los formularios W-2 y 480 del señor López Albarrán para los años 2020, 2021, 2022 y 2023.

Para ello se le concedió un término de diez (10) días, a partir de la notificación de la *Orden*. No empece lo anterior, el 16 de agosto de 2023 la Recurrida presentó "**Moción de Desacato**" en la cual expuso que GBS había incumplido con producir la información y documentos, según lo ordenado por el TPI. Así pues, solicitó la celebración de una vista de desacato, con la consecutiva imposición de sanciones económicas. El tribunal *a quo* concedió un plazo de diez (10) días al señor López Albarrán para que se expresara. El 5 de septiembre de 2023, GBS compareció mediante "**Moción de Intervención como Cuestión de Derecho y Solicitud de Término para Expresarse sobre Descubrimiento**", en la cual se opuso a la divulgación de la información, por entender que ésta muy probablemente era confidencial y constituía secretos de negocio. Así las cosas, el foro de instancia declaró "Con Lugar" la solicitud de intervención el 11 de septiembre de 2023. El 26 de septiembre de 2023, la señora Rodríguez Hernández presentó una "**Moción de Reconsideración en**

---

[2] *Véase*, Entrada Núm. 97 SUMAC.

**Oposición a Intervención de GBS Group, Inc.**" mediante la que solicitó al foro recurrido que dejara sin efecto la acumulación de GBS al pleito. Expuso que la Peticionaria podía oponerse a la producción de documentos sin tener que ser acumulada en el caso, ello puesto que el mismo era un asunto de la competencia de la sala de familia a la cual no debía tener acceso.

Luego de varios trámites procesales, GBS presentó "**Moción en Oposición a Descubrimiento de Prueba y Desacato y Réplica a Moción de Reconsideración de Intervención**" en la que reiteró su objeción al descubrimiento de prueba. Además, indicó que existía una determinación en el caso <u>Susset M. Rodríguez Hernández v. Jorge A. López Albarrán y GBS Group, Inc.</u>, civil núm. SJ2019CV12503, en el cual se estableció que la Recurrida no podía tener acceso a las planillas de GBS ni a otra información de naturaleza financiera y contributiva de dicha entidad, debido a que ésta no pudo demostrar ser accionista de la corporación. Por otro lado, arguyó que la Recurrida incumplió con los mecanismos de certificación de la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V, R. 34, por lo que el tribunal debía rechazar la "**Moción de Desacato**". Analizados los planteamientos de las partes, el TPI emitió la *Resolución y Orden* recurrida el 15 de octubre de 2023, mediante la cual declaró "No Ha Lugar" la "**Moción de Desacato**" presentada por la señora Rodríguez Hernández y "No Ha Lugar" la "**Moción en Oposición a Descubrimiento de Prueba y Desacato y Réplica a Moción de Reconsideración de Intervención**" presentada por GBS. En atención a ello, ordenó a esta última a producir lo solicitado por la Recurrida, según establecido en la *Orden* de 7 de junio de 2023, dentro de un término improrrogable de treinta (30) días.

A tenor con lo anterior, el 3 de noviembre de 2023 la Peticionaria presentó "**Moción en Reconsideración**" en la que solicitó al foro recurrido que dejara sin efecto la *Orden* antes mencionada, y que se limitare el descubrimiento de prueba únicamente a los formularios W-2 y 480 del señor López Albarrán para los años 2020, 2021, 2022 y 2023, por ser la única prueba pertinente a la controversia. No obstante, el foro *a quo* declaró "No Ha Lugar" la solicitud mediante *Orden* de 7 de noviembre de 2023. Así pues,

el 21 de noviembre de 2023 GBS presentó "**Moción en Cumplimiento de Orden e Informativa**". Expuso que produjo y notificó a la señora Rodríguez Hernández los formularios W-2 y 480, según solicitados y ordenado por el TPI. No obstante, peticionó un término adicional de veinte (20) días para completar la recopilación del restante de los documentos y agotar los remedios para proteger la información. El foro de instancia declaró "Con Lugar" la moción mediante *Orden* dictada el 27 de noviembre de 2023, notificada al próximo día. Entretanto, el 29 de noviembre de 2023, se celebró una vista de seguimiento. De la *Minuta* del referido señalamiento se desprende que el tribunal expresó que una vez la Recurrida sometiera los proyectos de orden, procedería a suscribirlos y expedirlas.[3]

Inconforme, la Peticionaria acudió ante nos mediante recurso de *Certiorari*. En su recurso, GBS formuló los siguientes señalamientos de error:

### PRIMER ERROR

A. ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA OBJECIÓN DE GBS AL DESCUBRIMIENTO Y ORDENARLE A PRODUCIR LAS PLANILLAS SOBRE INGRESOS, CUENTAS BANCARIAS E INFORMACIÓN DE LA TARJETA DE CRÉDITO, ENTRE OTROS, TODA VEZ QUE LA MISMA ES IMPERTINENTE POR TRATARSE DE INFORMACIÓN FINANCIERA Y CONFIDENCIAL DE LA CORPORACIÓN Y NO INFORMACIÓN DEL ALIMENTANTE, EL SR. LÓPEZ ALBARRÁN, QUIEN YA PRODUJO SU INFORMACIÓN FINANCIERA.

### SEGUNDO ERROR

B. ERRÓ EL TPI AL DETERMINAR QUE LA PRUEBA SOLICITADA POR LA SRA. RODRÍGUEZ A GBS NO GOZA DE PRIVILEGIO ALGUNO QUE PROTEJA DE SU DIVULGACIÓN.

Mediante *Resolución* de 8 de diciembre de 2023, declaramos "No Ha Lugar" la "**Moción en Auxilio de Jurisdicción y de Paralización**" y le concedimos un término a la señora Rodríguez Hernández para que presentara su alegato en oposición. El 12 de diciembre de 2023, la Recurrida solicitó una prórroga para presentar su escrito. Ante esto, emitimos una *Resolución* en esa misma fecha, mediante la cual le concedimos hasta el 14 de diciembre de 2023 para presentar su escrito.

---

[3] *Véase*, Entrada Núm. 130 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

En cumplimiento con la *Resolución*, la señora Rodríguez Hernández presentó "**Alegato de Oposición a *Certiorari***" el 14 de diciembre de 2023.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El descubrimiento de prueba dentro del proceso civil está regulado por la Regla 23 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 23. El inciso (a) de la Regla 23.1 de dicho cuerpo reglamentario dispone que las partes podrán hacer descubrimiento sobre cualquier (1) información que no sea privilegiada y (2) que sea pertinente al asunto en controversia. E.L.A. v. Casta, 162 DPR 1, 10 (2004); Alvarado v. Alemany, 157 DPR 672, 683 (2002). El concepto de pertinencia como limitación al descubrimiento de prueba, "aunque impreciso, debe ser interpretado en términos amplios". General Electric v. Concessionaires, Inc., 118 DPR 32, 40 (1986). Para que un asunto pueda estar sujeto a descubrimiento lo único necesario es que esté presente **una posibilidad razonable de relación con la cuestión que se pretende adjudicar**. E.L.A. v. Casta, *supra*, pág. 13. Así pues, el Tribunal Supremo ha establecido lo siguiente:

> [S]urgen dos limitaciones fundamentales para el proceso de descubrimiento de prueba de la Regla 23.1 de Procedimiento Civil de 2009, *supra.* "En primer lugar, es imperioso que el asunto que se pretende descubrir sea pertinente a la controversia que se dirime. Segundo, **la materia que se pretende descubrir, aunque sea pertinente, *no puede ser privilegiada o quedará excluida del alcance del descubrimiento de prueba***". McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 406 (2021) (énfasis en el original y suplido).

La referida Regla 23.1 de Procedimiento Civil, *supra*, señala que no constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. Íd. La amplitud del descubrimiento persigue dos (2) propósitos: garantizar la pronta solución de las controversias y evitar que en la vista en su fondo surjan sorpresas. Lluch v. España Service Sta., 117 DPR 729, 742-743 (1986).

Igualmente, se ha reconocido que los tribunales de instancia poseen amplia discreción para regular el ámbito del descubrimiento de prueba, con el objetivo de garantizar una solución justa, rápida y económica. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, 2023 TSPR 65, 212 DPR ___ (2023). No obstante, cuando se reclama un privilegio como límite al descubrimiento de prueba, se requiere que la petición sea expresa y fundamentada, con especificación de la naturaleza de los documentos, comunicaciones o de los objetos no producidos o revelados "de forma que, sin revelar información privilegiada, las demás partes puedan evaluar la aplicabilidad del privilegio o protección, y expresarse sobre éstos". Regla 23.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.3.

Así, una parte no podrá objetar un requerimiento de descubrimiento de prueba, salvo que invoque oportunamente un privilegio específico reconocido en nuestras Reglas de Evidencia. Ponce Adv. Med. v. Santiago González *et al.*, 197 DPR 891, 899 (2017). Dicha norma tiene su fin ulterior, toda vez que los privilegios probatorios "rompen con el propósito principal de las Reglas de Evidencia: 'el descubrimiento de la verdad en todos los procedimientos judiciales'". Íd. Adviértase que los privilegios excluyen prueba que de otro modo sería pertinente y descubrible. Íd.

Debido a que los privilegios impiden el descubrimiento de hechos, comunicaciones o actos, los tribunales debemos interpretarlos restrictivamente. Por tanto, su concesión no será automática y deberán invocarse oportunamente y de manera certera. Íd., pág. 900. Por cuanto, la parte que se considere poseedora de cierta materia privilegiada cuyo descubrimiento se procura, tan pronto le sea solicitada dicha información deberá:

> (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los elementos legales del privilegio en cuestión, y (5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiada, permita a otras partes evaluar su reclamación. McNeil Healthcare v. Mun. Las Piedras I, *supra*, pág. 408.

A tono con lo anterior, cuando surgen controversias entre las partes en torno a la existencia y alcance del privilegio, "el tribunal tendrá que resolver si el poseedor del privilegio estableció, mediante *preponderancia de la prueba*, los elementos del privilegio que invoca". Ponce Adv. Med. v. Santiago González *et al.*, *supra*, pág. 900 (énfasis en el original). Por consiguiente, una vez se establece el mismo, su aplicación dependerá de si éste es absoluto o condicional. Son absolutos aquellos privilegios que una vez se cumplan con los requisitos que los constituyen se descarta la discreción judicial para obligar la divulgación de la materia protegida. J.E. Chiesa Aponte, Tratado de derecho probatorio: Reglas de Evidencia de Puerto Rico y federales, San Juan, Pubs. JTS, 1998, T. I, pág. 193. Por su parte, "los privilegios condicionales son aquellos cuya aplicación puede ceder ante intereses sociales, aunque se cumpla con los requisitos que lo constituyen". McNeil Healthcare v. Mun. Las Piedras I, *supra*, pág. 408.

Para que pueda reconocerse una comunicación como privilegiada, se deberá demostrar que están presentes las siguientes condiciones:

> 1) la comunicación tiene que haberse originado en la confianza de que no será divulgada; 2) este elemento de confidencialidad tiene que ser esencial para mantener plena y satisfactoriamente la relación entre las partes; 3) la relación debe ser una que la comunidad considere que debe ser diligentemente promovida*[,]* y 4) que el perjuicio que causaría la divulgación de la comunicación sea mayor que el beneficio obtenido por la correcta disposición del pleito*.* Ortiz v. Meléndez, 164 DPR 16, 28 (2005).

Nuestras Reglas de Evidencia definen la "evidencia pertinente" como aquella que tiende a aumentar o disminuir la probabilidad de la existencia de un hecho que tiene consecuencias para la adjudicación de la acción. Pueblo v. Santiago Irizarry*,* 198 DPR 35, 43 (2017); véase, Regla 401 de Evidencia, 32 LPRA Ap. VI, R. 401. En esencia, se trata de evidencia que "tiene algún valor probatorio, por mínimo que sea, para adjudicar la acción". Íd., citando a E.L. Chiesa Aponte, Reglas de Evidencia de Puerto Rico 2009, San Juan, Pubs. JTS, 2009, pág. 114.

La evidencia pertinente es admisible excepto cuando se disponga lo contrario por imperativo constitucional, por disposición de ley o por las Reglas de Evidencia. 32 LPRA Ap. VI, R. 402. En otras palabras, la

pertinencia es una condición necesaria pero no suficiente para la admisibilidad de evidencia, pues podría no ser admitida por razón de la aplicación de una regla de exclusión. Chiesa Aponte, *op. cit.*, pág. 73. Ahora bien, la evidencia no pertinente bajo la definición de la Regla 401 es inadmisible sin ulterior consideración. Es decir, que el tribunal no tiene discreción para admitir evidencia no pertinente. Íd., págs. 73-74.

**B.**

Es norma reiterada en nuestra jurisdicción que la obligación de brindar alimentos es parte esencial del derecho a la vida, protegido por el Artículo II, Sección 7 de la Constitución de Puerto Rico. Torres Rodríguez v. Carrasquillo Nieves, 177 DPR 728, 738 (2009). Su origen está cimentado en principios generalmente reconocidos de solidaridad humana, asociados al derecho natural y unido por imperativo de los vínculos familiares. Maldonado v. Cruz, 161 DPR 1, 13 (2004).

El Artículo 658 del Código Civil regula todo lo relacionado a las pensiones alimentarias entre parientes y dispone, entre otras cosas, que "[e]stán obligados recíprocamente a proporcionarse alimentos, en toda la extensión que señalan los artículos precedentes: (a) los cónyuges; **(b) los ascendientes y descendientes;** (c) los hermanos". 31 LPRA sec. 7541 (énfasis suplido). **Dicha obligación es de naturaleza personalísima, imprescriptible, irrenunciable, variable y condicional de tracto sucesivo**. R. Serrano Geyls, Derecho de Familia de Puerto Rico y Legislación Comparada, San Juan, Ed. Programa de Educación Jurídica Continua de la UIPR, 2002, Vol. II, pág. 1422. A tenor con lo anterior, el Artículo 162 del Código Civil dispone que los tribunales fijarán "la pensión alimentaria de un menor o incapaz, de acuerdo con sus necesidades particulares y con los recursos disponibles para ello". 31 LPRA sec. 5727. Así pues, en la vista para recibir el inventario, "el tribunal determina la parte de los bienes que el tutor destinará a dicha pensión. La cuantía puede modificarse según aumente o disminuya el patrimonio o cambien las circunstancias y las necesidades personales y económicas del tutelado". Íd.

Asimismo, en cuanto a la cuantía de los alimentos debidos al mayor de edad, el Artículo 665 del Código Civil dispone que deberá ser proporcional a los recursos del alimentante y a las necesidades del alimentista. 31 LPRA sec. 7561. Por tanto, "[a]l estimar los recursos de uno y de otro se toma en cuenta el patrimonio acumulado, el potencial de generar ingresos, los beneficios directos e indirectos que recibe de terceras personas, el perfil de sus gastos que no son indispensables y su estilo de vida". Íd.

En vista de lo anterior, nuestro ordenamiento jurídico provee los mecanismos para asegurar la efectividad del pago de las pensiones alimentarias. Entre éstos, se encuentran los siguientes: la acción independiente en cobro de dinero, la emisión de órdenes de retención de ingresos, el embargo de bienes, retención de ingresos de reintegros de contribuciones estatales o federales, imposición de fianza u otra garantía de pago determinada, solicitud de información sobre crédito, limitación a la expedición de licencias (de conducir vehículos de motor, ocupacional o profesional, tiro al blanco, venta de artículos, de portar armas, contratación y empleo con el Gobierno) o la solicitud de desacato civil o criminal. *Véanse*, Reglas 51 y 56 de Procedimiento Civil, 32 LPRA Ap. V, R. 51 y R. 56.

**III.**

En su primer señalamiento, GBS arguye que erró el foro de instancia al ordenarle producir las planillas de ingresos, cuentas bancarias e información de tarjetas de créditos, entre otros, cuando éstos no son pertinentes por ser información financiera y confidencial de la corporación y no información del alimentante, el señor López Albarrán, quien ya había entregado su información financiera.

Por su parte, la Recurrida reitera ante este Tribunal que surgió del descubrimiento de prueba que GBS le paga al señor López Albarrán su vehículo de motor y su vivienda, por lo que se hace indispensable conocer el estatus financiero de dicha corporación para saber la situación económica en la que se encuentra el alimentante. Igualmente, argumenta que como el

señor López Albarrán es el único accionista de GBS, esta última es una entidad ficticia que no es realmente el patrono del alimentante.

Es harto conocido en nuestro ordenamiento que, aunque el alcance del descubrimiento de prueba debe ser amplio y liberal, ello no significa que el mismo sea ilimitado. Rivera *et al.* v. Arcos Dorados *et al.*, *supra*. Por consiguiente, el mismo se permite restringir cuando: (1) la información objeto del descubrimiento de prueba sea privilegiada o (2) no sea pertinente a la controversia. McNeil Healthcare, LLC v. Municipio de Las Piedras, *supra*, pág. 673. De igual forma, es norma reiterada que los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no debemos intervenir con dicha discreción. No empece lo anterior, dicha intervención se nos ha permitido en caso de que se compruebe prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. Íd., pág. 672.

Establecido lo anterior, en el presente caso, la señora Rodríguez Hernández solicitó y el foro recurrido ordenó a GBS a producir sus planillas, estados mensuales de las tarjetas de créditos y de las cuentas bancarias que posee la corporación, así como el contrato de arrendamiento de cierto inmueble. Ello, bajo el fundamento de que surgió durante el descubrimiento de prueba que dicha entidad le pagaba al señor López Albarrán su vehículo de motor y su vivienda. Asimismo, alegó la Recurrida que:

> Como único accionista, presidente, tesorero y director de GBS, Jorge A. López tiene a su disposición los recursos económicos de GBS para cubrir sus gastos personales, tales como vehículo de motor, vivienda, entretenimiento, restaurantes, viajes, etc… Las ganancias, beneficios y frutos que Jorge A. López obtiene como único accionista, presidente, tesorero y director de GBS son ingresos para el computo de pensión alimentaria a tenor con el segundo párrafo del artículo 665 del Código Civil (31 L.P.R.A. sec. 7561).[4]

Un análisis ponderado de las circunstancias expuestas por la señora Rodríguez Hernández que, según su postura, justifican la producción solicitada a GBS conduce a la conclusión de que la misma no puede formar parte del descubrimiento de prueba en este caso. Los documentos

---

[4] *Véase*, "**Moción de Reconsideración en Oposición a Intervención de GBS Group, Inc.**", Entrada Núm. 113 de SUMAC.

solicitados por la Recurrida no son pertinentes para demostrar el estado económico y financiero del señor López Albarrán, a fin de establecer el monto de la pensión alimentaria solicitada. Somos de la opinión que la Recurrida tiene a su alcance otros mecanismos de descubrimiento de prueba dirigidos al alimentante que no requieren que un tercero (GBS) tenga que producir documentación o su información económica. El mero hecho de que el señor López Albarrán es el único accionista, presidente y director de GBS no activa la posibilidad razonable de relación que requiere nuestro ordenamiento para que dicha información sea parte del descubrimiento de prueba en el caso, pues no está racionalmente atado a la cuestión que se pretende adjudicar en el presente litigio.

Es decir, la pretensión de la señora Rodríguez Hernández es descubrir qué beneficios adicionales pudiese recibir el alimentante mediante el descubrimiento de prueba de documentación relativa a los ingresos y egresos del ente corporativo. Dicho argumento parecería intimar que la información económica producida por el señor López Albarrán está incompleta o que este último oculta ingresos. No obstante, ello son meras alegaciones cuyo efecto práctico sería abrir las puertas en el presente caso una expedición de pesca cuando, al momento, no se ha puesto al tribunal en posición de entender que se está ocultando información. El mero hecho de que la Recurrida conoce que GBS costea el pago del vehículo de motor y la vivienda del señor López Albarrán es precisamente un indicador claro y patente de que la señora Rodríguez Hernández tiene a su disposición las herramientas necesarias para descubrir, si alguno, cualquier otro beneficio que recibe el alimentante de la corporación sin tener que obtener documentación económica de esta última.

Adviértase que en el caso de epígrafe no se ha presentado prueba o tan siquiera alegación alguna relacionada con que GBS se ha utilizado como un *alter ego* del señor López Albarrán que justifique la producción solicitada por la Recurrida. Tampoco se ha alegado específicamente que el señor López Albarrán ha cometido fraude al descubrir la prueba relacionada con su situación económica para propósitos de fijar la pensión alimentaria

solicitada por la señora Rodríguez Hernández. Por tanto, a esta etapa de los procedimientos, los únicos documentos solicitados por la señora Rodríguez Hernández que son pertinentes al caso son los formularios de W-2 y 480 del señor López Albarrán, y no los documentos o información de la corporación. **Recordemos que la obligación de alimentar es una personalísima**. Dicho de otra forma, la información económica pertinente al caso es la correspondiente al señor López Albarrán.

A lo anterior, se le suma el hecho de que como regla general, una corporación y sus accionistas o directores se consideran entidades separadas, por lo que el simple hecho de que el señor López Albarrán sea el único accionista, presidente, tesorero y director de GBS no supone que no haya distinción entre éstos. Santiago v. Rodríguez, 181 DPR 204, 214 (2011). Mantener el dictamen del TPI equivaldría a permitir un descubrimiento de prueba que no encuentra apoyo en nuestro estado de derecho. Una mera alegación sobre posibles beneficios económicos que pudiese estar recibiendo el señor López Albarrán de GBS no es suficiente.

El descubrimiento de prueba obligatorio en los casos de alimentos se limita a la situación económica del alimentante y las necesidades del alimentista. No es extensivo a terceras personas que no sean parte del proceso de alimentos, excepto que se ponga en posición al tribunal de concluir que se justifica tal incursión sobre bases razonables. Ello no ha ocurrido en el caso de autos, pues lo único que existen son meras alegaciones o premisas especulativas que no encuentran apoyo en otra prueba descubierta que permita trazar el puente de la razonabilidad que requiere nuestro estado de derecho para una información o documentación forme parte del descubrimiento de prueba.

La pretensión de la Recurrida es descubrir prueba sobre una corporación con personalidad jurídica independiente al alimentante. Reiteramos, si bien es cierto que los beneficios directos e indirectos que recibe el señor López Albarrán de terceras personas podrían ser pertinentes al caso, no es menos cierto que la señora Rodríguez Hernández tiene a su disposición otros mecanismos y herramientas procesales para descubrir

dicha prueba que no implique la producción de información y documentación de un ente independiente y ajeno al caso.

En vista de lo anterior, no son suficientes las alegaciones generales en cuanto a que el señor López Albarrán pudiese recibir ganancias y/o beneficios adicionales que presuntamente no está reportando en su PIPE o en sus planillas de contribución sobre ingresos personales para justificar la solicitud de información financiera de GBS. Ante este escenario, no procede la divulgación de las planillas de GBS, los estados mensuales de tarjetas de créditos y de cuentas bancarias que posee la corporación, ni los contratos de arrendamientos que posea, al no ser pertinentes para establecer la situación económica del alimentante.

Establecido que la documentación ordenada por el foro de instancia el 7 de junio de 2023 es impertinente para fijar los alimentos en el caso de autos, se hace innecesaria la adjudicación y discusión del segundo señalamiento de error. Recuérdese que, en este tipo de casos, primero es imperioso establecer si el asunto que se pretende descubrir es o no pertinente a la controversia que se dirime. Únicamente si se concluye que la misma es pertinente, entonces se requiere determinar si está protegida o no por un privilegio y, por tanto, excluida del descubrimiento de prueba. McNeil Healthcare v. Mun. Las Piedras I, *supra*, pág. 406. Habiendo determinado expresamente que la información y documentación que el TPI ordenó producir es impertinente para dirimir la controversia que se ventila, queda descartada del descubrimiento de prueba y se hace innecesario analizar si la misma está protegida por el manto de algún privilegio.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, *expedimos* el auto de *certiorari* y *revocamos* la *Resolución y Orden* recurrida por entender que la información y documentación que el TPI requirió que se produjera es impertinente a la controversia que se dirime ante dicho foro y debe estar fuera del descubrimiento de prueba, a la luz de la realidad jurídica actual del caso.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones