Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| CHRISTOPHER R. PABÓN DE JESÚS Y REBECCA PÉREZ RODRÍGUEZ EN SU CAPACIDAD INDIVIDUAL Y COMO MIEMBROS DE LA SOCIEDAD LEGAL DE BIENES GANANCIALES<br><br>PETICIONARIOS<br><br>v.<br><br>DAVID R. SELPA RIVERA Y OTROS<br><br>RECURRIDOS | TA2025CE00894 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV06089<br><br>Sobre: Daños y perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de enero de 2026.

Comparecen ante nos el señor Christopher R. Pabón De Jesús (en adelante, señor Pabón), la señora Rebecca Pérez Rodríguez, y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, peticionarios), mediante recurso de *Certiorari* y solicitan que revisemos una *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario), notificada el 5 de noviembre de 2025. Mediante el referido dictamen, el TPI denegó una solicitud descubrimiento de prueba solicitada por los peticionarios.

Por los fundamentos que exponemos a continuación, *expedimos* el recurso de epígrafe y *revocamos* el dictamen recurrido.

**I.**

El 10 de octubre de 2024, los peticionarios presentaron una *Demanda*[1] sobre daños y perjuicios en contra del señor David R.

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

Selpa Rivera (en adelante, señor Selpa), Universal Insurance Company (en adelante, Universal), como aseguradora del señor Selpa (en conjunto, recurridos), y otros demandados de nombres desconocidos. En esencia, alegaron que el 14 de octubre de 2023, mientras transitaban en su vehículo de motor marca Hyundai, sufrieron un accidente automovilístico al ser impactados por un vehículo de motor marca Genesis, que era conducido por el señor Selpa. Los peticionarios sostienen que el señor Selpa conducía dicho vehículo a exceso de velocidad, sin mantener la distancia prudente requerida por ley y en un aparente estado de embriaguez.

Afirmaron que, como consecuencia de la negligencia del señor Selpa y a raíz del impacto, el señor Pabón, quien conducía el vehículo de los peticionarios, perdió el control e impactó una valla, provocando que estos sufrieran lesiones corporales que requirieron atención médica inmediata y posterior tratamiento especializado. Alegaron sufrir angustias mentales y emocionales a raíz del accidente. Asimismo, señalaron que, como consecuencia del accidente, su vehículo fue declarado pérdida total.

Por lo anterior, solicitaron que el TPI declarara con lugar la *Demanda* y ordenara a los recurridos a pagar solidariamente una suma de $158,000 por concepto de las angustias mentales y emocionales sufridas, los gastos médicos incurridos hasta la fecha de la reclamación y la pérdida total del vehículo Hyundai.

Posteriormente, el 18 de febrero de 2025, los recurridos presentaron su *Contestación a Demanda[2]*, mediante la cual negaron responsabilidad y sostuvieron afirmativamente que el accidente fue causado por un tercer vehículo que abandonó la escena.

Luego de varios trámites procesales, el 28 de mayo de 2025, se celebró una *Vista sobre el Estado de los Procedimientos[3]*, tras la

---

[2] Entrada #11 del SUMAC del TPI.
[3] Véase *Minuta* en la Entrada #25 del SUMAC del TPI.

cual el TPI dispuso, entre otros extremos, que la deposición del señor Selpa estaba pendiente de calendarización, y estableció expresamente que el término para concluir el descubrimiento de prueba sería el 31 de octubre de 2025, con la advertencia de que el Tribunal no cambiaría la fecha de culminación. Surge del expediente que la deposición del señor Selpa se tomó el 7 de agosto de 2025.

El 4 de noviembre de 2025, luego de vencido el término para el descubrimiento de prueba, los peticionarios presentaron ante el TPI una *Urgente Solicitud de Orden al Amparo de R. 34.1*[4], en la cual alegaron que, durante la deposición del señor Selpa, solicitaron (1) la información de contacto del señor Iván Villahermosa, alegado acompañante del recurrido la noche del accidente, (2) la producción del recibo de consumo del señor Selpa en el restaurante *Casa Cataño* para la noche del 13 de octubre de 2023 y (3) el estado de la cuenta de banco del señor Selpa para dicho mes, en el que se reflejara el pago del restaurante, de no haber sido este en efectivo. En su moción, los peticionarios indicaron las gestiones que habían llevado a cabo con la parte, mediante correos electrónicos, para que les brindaran la información solicitada. Alegaron que, el 27 de agosto de 2025, mediante comunicación telefónica con la representación legal de los recurridos habían acordado la entrega de los documentos, pero que hasta la fecha en que se presentó la moción no les habían remitido la información requerida. Además, solicitaron una extensión del término para el descubrimiento de prueba con el propósito de poder deponer al señor Iván Villahermosa. Indicaron que su interés en deponer a dicho testigo se debía a que alegadamente este había estado reunido con el señor Selpa en el restaurante antes indicado, ingiriendo alimentos y bebidas alcohólicas antes de que ocurriera el accidente.

---

[4] Entrada #35 del SUMAC del TPI.

Ese mismo día, el 4 de noviembre de 2025, los recurridos presentaron su *Oposición a Urgente Solicitud de Orden al Amparo de R. 34.1*[5], negando que dicha información hubiese sido solicitada durante la deposición y que los correos electrónicos enviados requiriendo la información no eran el mecanismo apropiado para tales efectos, sino que debían utilizarse los establecidos en las Reglas 30 y 31 de Procedimiento Civil. Además, alegaron que la moción era tardía y señalaron el incumplimiento de los requisitos exigidos por la Regla 34.1 de Procedimiento Civil.

El 5 de noviembre de 2025, el foro primario declaró No Ha Lugar la solicitud de descubrimiento presentada por los peticionarios.[6] El TPI dispuso que la deposición del señor Selpa se había tomado a principios de agosto y que no fue hasta que culminó el descubrimiento de prueba que los peticionarios solicitaron la producción de información.

El 20 de noviembre de 2025, los peticionarios presentaron una *Moción Solicitando Reconsideración*[7], alegando que las gestiones para obtener la información se realizaron oportunamente y que la información solicitada era pertinente para probar si en efecto el señor Selpa estaba en estado de embriaguez la madrugada del accidente.

El 21 de noviembre de 2025, el TPI emitió *Orden*[8] declarando No Ha Lugar la moción de reconsideración, manteniendo inalterada su determinación previa.

Inconforme, el 12 de diciembre de 2025, los peticionarios presentaron el recurso de epígrafe en el que señalan el siguiente único error:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PRIVAR A LA PARTE PETICIONARIA DE LA OPORTUNIDAD DE COMPLETAR EL**

[5] Entrada #36 del SUMAC del TPI.
[6] Entrada #37 del SUMAC del TPI.
[7] Entrada #39 del SUMAC del TPI.
[8] Entrada #40 del SUMAC del TPI.

**DESCUBRIMIENTO DE PRUEBA SOBRE LOS MÉRITOS DEL CASO, EN VIOLACIÓN DE SU DERECHO AL DEBIDO PROCESO DE LEY GARANTIZADO POR EL ARTÍCULO II, SECCIÓN 7 DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO.**

El 18 de diciembre de 2025, la parte recurrida presentó su *Oposición a expedición del auto de certiorari,* argumentando que la controversia planteada no cumple con los criterios establecidos en la Regla 52.1 de Procedimiento Civil y que no medió abuso de discreción ni error manifiesto por parte del foro primario.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### *A. Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,* 185 DPR 307, 338 (2012). Esta discreción se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo,* 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia,* 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo, supra,*

pág. 372, citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation*, 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra*, dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injunction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

A esos efectos, acreditada debidamente nuestra autoridad para intervenir en el asunto recurrido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 40, establece los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró, supra*, pág. 336.

Asimismo, el Tribunal Supremo de Puerto Rico ha expresado que "la denegatoria a expedir no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos". *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97. De manera que, la parte afectada por la decisión que finalmente tome el Tribunal de Primera Instancia no queda privada de la oportunidad de hacer ante el foro apelativo los planteamientos que entienda procedentes una vez se resuelva el pleito en el foro primario. *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755-756 (1992).

### B. Manejo de caso por el foro primario

Es doctrina reiterada que los jueces de instancia gozan de amplia discreción y flexibilidad en el manejo cotidiano y la tramitación de los asuntos que se ventilan ante sus salas. *BPPR v. SLG Gómez-López, supra*, pág. 334; *In re Collazo* I, 159 DPR 141, 150 (2003); *Vives Vázquez v. ELA*, 142 DPR 117, 141 (1996). La deferencia a su criterio responde al principio de que los tribunales apelativos no deben sustituir ni dirigir la conducción del trámite ordinario de los casos que corresponden al foro primario. *BPPR v. SLG Gómez-López, supra*, citando a *Mejías Montalvo v. Carrasquillo Martínez*, 185 DPR 288, 306-307 (2012). Como es sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para adoptar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final. *Id.*

En consecuencia, la norma general dispone que los foros apelativos no intervendrán en la discreción de los foros primarios, salvo que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *BPPR v. SLG Gómez-López, supra*, pág. 334; *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 273 (2021). El uso adecuado de esa discreción judicial está estrechamente relacionado con el concepto

de razonabilidad. *BPPR v. SLG Gómez-López, supra*, pág. 335; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

No obstante, la deferencia cede cuando se acredita que el tribunal incurrió en un abuso de discreción, actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. *BPPR v. SLG Gómez-López, supra*; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 207. Por lo tanto, si en la solicitud ante nuestra consideración no concurren tales criterios y la actuación del foro primario cuenta con un fundamento razonable y no afecta derechos sustanciales de las partes, debe prevalecer el criterio del juez de instancia, quien es, a fin de cuentas, el llamado a dirigir el proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

### C. Descubrimiento de prueba

Por otro lado, es un principio reiterado que el descubrimiento de prueba debe ser uno amplio y liberal. *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022); *Berríos Falcón, et al. v. Torres Merced*, 175 DPR 962, 971 (2009); *Rivera y otros v. Bco. Popular, supra*, pág. 152. Asimismo, nuestro Tribunal Supremo ha expresado que "los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes." *Cruz Flores et al. v. Hosp. Ryder et al., supra*, págs. 496-497. Esto debido a que, utilizando de manera adecuada este mecanismo, se aceleran los procedimientos, las transacciones y, se evitan sorpresas indeseables durante la celebración del juicio. *McNeil Healthcare, LLC v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021).

No obstante, nuestro ordenamiento establece dos restricciones a dicho mecanismo: (1) que la información objeto del descubrimiento no sea privilegiada y (2) que la misma sea pertinente al asunto o controversia. *Cruz Flores et al. v. Hosp. Ryder et al.*, *supra*; *McNeil Healthcare, LLC v. Mun. Las Piedras II, supra*, pág. 273*; Rivera y otros v. Bco. Popular, supra*. En relación con el concepto de pertinencia, para propósitos del descubrimiento de prueba, este es mucho más amplio que el utilizado en el área del derecho probatorio para la admisibilidad de la prueba. *Alvarado v. Alemañy,* 157 DPR 672, 683 (2002); *García Rivera et al. v. Enríquez,* 153 DPR 323, 333 (2001); *Medina v. M.S. & D. Química PR, Inc.*, 135 DPR 716, 731 (1994).

A esos efectos, la Regla 401 de Evidencia define evidencia pertinente como "aquélla que tiende a hacer la existencia de un hecho, **que tiene consecuencias para la adjudicación de la acción, más probable o menos probable de lo que sería sin tal evidencia**. Esto incluye la evidencia que sirva para impugnar o sostener la credibilidad de una persona testigo o declarante". 32 LPRA Ap. VI, R. 401. Véase, también, *Pueblo v. Santiago Irizarry*, 198 DPR 35, 43 (2017). (Énfasis nuestro). En términos prácticos, la evidencia pertinente "es aquella que es capaz de arrojar luz o que tiene algún valor probatorio, por mínimo que sea, para la adjudicación de la acción". E.L. Chiesa Aponte, *Reglas de evidencia comentadas*, San Juan, Eds. Situm, 2016, págs. 71–72. A su vez, la Regla 402 del mismo conjunto reglamentario indica que la evidencia pertinente es admisible, salvo cuando se disponga lo contrario por imperativo constitucional, por disposición de ley o por estas Reglas. Sin embargo, la evidencia que no es pertinente será inadmisible. 32 LPRA Ap. VI, R. 402.

Por ello, se puede admitir el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia

que es objeto del litigio, aunque no estén relacionados con las controversias específicas que han sido planteadas en las alegaciones, siempre que exista una posibilidad razonable de relación con el asunto en controversia. *García Rivera et al. v. Enríquez, supra*, págs. 333-334.

De otra parte, los tribunales de instancia tienen amplia discreción para regular el alcance del descubrimiento de prueba, en tanto les corresponde garantizar una solución justa, rápida y económica de los casos, sin darle ventaja a ninguna de las partes. *Cruz Flores et al. v. Hosp. Ryder et al., supra*, págs. 496-497; *Rivera y otros v. Bco. Popular, supra*, págs. 153-154. Al fijar los términos para llevar a cabo dicho descubrimiento, el foro primario debe ponderar dos intereses de particular relevancia: de un lado, asegurar la pronta resolución de las controversias; y del otro, garantizar que las partes cuenten con una oportunidad real y suficiente para realizar un descubrimiento amplio, de modo que en la vista en su fondo no surjan sorpresas. *Rivera y otros v. Bco. Popular, supra*, págs. 154-155. El propósito fundamental del descubrimiento de prueba es permitir que las partes obtengan la información necesaria para la adecuada preparación del juicio, a fin de delimitar con mayor precisión los asuntos controversia y descubrir la verdad de lo ocurrido. *Id.*, pág. 156. En atención a este objetivo, los tribunales deben conceder un término razonable que permita a ambas partes completar el descubrimiento, evaluar la información obtenida y colocarse así en una mejor posición para presentar su caso. *Id.*

**III.**

Al evaluar el planteamiento de error señalado por los peticionarios y a la luz de la normativa aplicable, concluimos que en este caso procede expedir el auto de *certiorari* y revocar la determinación recurrida.

Aquí, el foro primario denegó la solicitud de descubrimiento apoyándose principalmente en el momento en que se presentó, sin entrar a examinar si la información requerida podía ser pertinente a las alegaciones del caso. Sin embargo, del expediente surge que aún no se ha señalado juicio en su fondo, por lo que no existe riesgo real de dilación indebida ni perjuicio procesal para la parte recurrida si se permite evaluar el planteamiento de los peticionarios en sus méritos.

La información solicitada —relacionada con el consumo de bebidas alcohólicas la noche del accidente y con un posible testigo que estuvo acompañando al señor Selpa esa noche— está directamente vinculada a una teoría alegada desde el inicio del pleito. En ese contexto, descartar el requerimiento sin un análisis de pertinencia priva innecesariamente a la parte peticionaria de la oportunidad de desarrollar su caso, cuando todavía el trámite se encuentra en una fase previa al juicio.

Autorizar que el TPI examine la pertinencia de la prueba solicitada no adelanta juicio alguno sobre su admisibilidad, ni altera el manejo ordinario del caso. Por el contrario, permite que sea el tribunal llamado a dirigir el proceso quien determine, conforme a derecho, si la información guarda relación razonable con las controversias planteadas y si procede su producción.

En estas circunstancias, entendemos que la intervención apelativa en esta etapa es apropiada, pues no causa perjuicio a las partes, no fracciona el litigio y evita que una determinación puramente procesal sustituya el análisis sustantivo que corresponde realizar al foro primario. En consecuencia, se expide el auto de *certiorari*, se revoca la *Orden* recurrida y se devuelve el caso al TPI para que determine la pertinencia de la prueba solicitada y, de haberla, ordene la producción de esta.

**IV.**

Por los fundamentos que anteceden, *expedimos* el recurso de epígrafe, *revocamos* el dictamen recurrido y devolvemos el caso al TPI para que proceda conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones